John Allen TUTOR, Plaintiff–
Appellant,

v.

OREGON DEPARTMENT OF COR-
RECTIONS; Offender Information
and Sentence Computation; Max
Williams, Past O.D.O.C. director; Co-
lette Peters, O.D.O.C. director; Bethi-
nye Smith, Administrator O.I.S.C.; J.
Walters, prison term analyst; Amy
Wehr, prison term analyst; Christina
Towers, prison term analyst; Risk
Management Division of ODOC, De-
fendants before and after the fact, De-
fendants–Appellees.

No. 13–35187.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2014.*

Filed Dec. 11, 2014.

John Allen Tutor, Iron River, WI, pro
se.

Shannon Terry Reel, Assistant Attorney
General, Oregon Department of Justice,
Salem, OR, for Defendants–Appellees.

Before: KOZINSKI, FERNANDEZ,
and FISHER, Circuit Judges.

MEMORANDUM **

John Allen Tutor appeals the district
court's dismissal of his action under 42
U.S.C. § 1983 against the Oregon Depart-
ment of Corrections, Offender Information
and Sentence Computation, Max Williams,
Colette Peters, Bethinye Smith, J. Wal-
ters, Amy Wehr, Christina Towers and the
Risk Management Division of ODOC (col-
lectively the Department). We affirm.

Tutor claims that he is entitled to dam-
ages and injunctive relief on the basis that
the Department failed and refused to con-
sider him eligible for good time credits
against his sentence, which resulted in his
being incarcerated for a longer period than
that authorized by law. We disagree.[1]
After Tutor was convicted of two counts of
sexual abuse in the first degree,[2] he was
sentenced on each of them to incarceration
for the mandatory minimum of 75–
months [3] and was not eligible for any re-

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. The Department asserts that Tutor's claim is
barred. See Heck v. Humphrey, 512 U.S. 477,
486–87, 114 S.Ct. 2364, 2372–73, 129
L.Ed.2d 383 (1994). Considering the clear
lack of merit to his claim, we assume, without
deciding, that it is not barred and will decide
the matter on the merits. See Dist. Attorney's
Office for the Third Judicial Dist. v. Osborne,
557 U.S. 52, 67, 129 S.Ct. 2308, 2319, 174
L.Ed.2d 38 (2009). The Department also as-
serts that Tutor's request for injunctive relief

is moot because he has been released from
confinement. That appears to be correct.
Tutor has been released from confinement
and, under Oregon law, his "release date does
not govern the length of [his] term of post-
prison supervision." State v. Fulleylove, 240
Or.App. 611, 251 P.3d 201, 202 (2011); see
also Or.Rev.Stat. § 144.103. Since even a fa-
vorable ruling cannot alter either Tutor's con-
finement or term of supervision, his claim for
injunctive relief is moot. See Caswell v. Cal-
deron, 363 F.3d 832, 836 (9th Cir.2004).
Even if not moot, the claim would fail on the
merits.

2. Or.Rev.Stat. § 163.427.

3. See id. § 137.700(2)(a)(P).

duction of that sentence.[4] The trial court could have deviated from that sentence if it had issued findings and determined that as applied to the facts of Tutor's case the sentencing statute was unconstitutional,[5] or that the so-called opt-out statute applied.[6] It did neither. Thus, his claims for relief are without merit.[7]

AFFIRMED.

---

4. *Id.* § 137.700(1).

5. *See State v. Rodriguez,* 347 Or. 46, 217 P.3d 659, 665, 667–68 (2009).

6. *See* Or.Rev.Stat. § 137.712. We note that the statute does not apply to Tutor's crimes because they were committed prior to the statute's effective date—January 1, 2002. *See* Act of July 27, 2001, ch. 851, §§ 5, 6, 2001 Or. Laws 2249, 2250–52; Or.Rev.Stat. § 171.022. Further, the crimes did not fit the statute's ameliorative provisions. *See* Or.Rev. Stat. § 137.712(2)(e).

7. Due to the claims' lack of merit on their face, the district court was not required to grant leave to amend. *See United States ex rel. Lee v. Corinthian Colls.,* 655 F.3d 984, 995 (9th Cir.2011); *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296–97 (9th Cir.1990).

